LORENZA ACEVEDO, Plaintiff and Appellant, *v.* ANASTASIO ROMERO, Defendant and Appellee.

No. 7503. Argued May 25, 1938.—Decided March 28, 1939

*José M. Valentín Esteves* and *Buenaventura Esteves* for appellant.
*José D. Rodríguez* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

The facts alleged in the complaint are, in short, the following:

Encarnación Pérez Rodríguez provided in her will that, inasmuch as she had no descendants or ascendants with a right to inherit her, she devised to Isabel Rosado and to María Bartola Acevedo an undivided half interest to each of a certain property in the town of Lares, upon the condition that said devisees would accompany the brother of the testator, Juan Pérez Rodríguez, for the rest of his life and forbade them to alienate the property "until the death of the said Juan Pérez Rodríguez."

By public deed of May 29, 1930, the aforesaid devisees sold the realty to defendant Anastasio Romero, who presented the deed at the registry together with the will, but the registrar refused to record because of the condition against alienation appearing in the will.

The aforesaid Juan Pérez Rodríguez died on October 7, 1934, and on the 8th of that same month and year María Bartola Acevedo also died without having had an opportunity to ratify the sale made by her to Romero before the death of Juan Pérez Rodríguez.

After the decease of Juan Pérez Rodríguez, on October 31, 1934, the defendant presented again to the registry the deed

of May 29, 1930. The registrar recorded the property on the ground that since Juan Pérez Rodríguez had died, "the condition forbidding the alienation of the realty during his life had lapsed and consequently the sale of May 29, 1930, had been consolidated."

The complaint of Lorenza Acevedo, the mother and only heir of María Bartola Acevedo, is based on the nullity of the sale because it was effected in violation of the testamentary restriction to the right of alienation and because it was in no way ratified or legalized by the parties to the deed.

The defendant, after answering specifically the essential allegations of the complaint, admitting some and denying others, alleged as a special defense that the devisees had faithfully complied with the condition imposed by the testator, caring for and accompanying Juan Pérez Rodríguez up to the moment of his death; that the said Juan Pérez Rodríguez appeared as a party to the deed of sale of May 29, 1930, and approved the alienation made by the devisees in behalf of the defendant; that under the doctrine of estoppel the defendant is estopped from going against the acts of her daughter María Bartola Acevedo, of whom she alleges to be an heir; and last, that the sale effected by the legatees did not have to be ratified by them because the death of Juan Pérez Rodríguez was sufficient to convalidate it.

The case went to trial before the District Court of Aguadilla and after examining "the evidence introduced by the parties" and taking into consideration "the admissions of the defendant and the evidence offered" arrived at the following conclusions of law:

(a) That the prohibition to alienate had no other purpose but to require to devisees to accompany the man until his death.

(b) That the appearance of Juan Pérez Rodríguez in the deed of sale and the waiver of his rights did not annul nor invalidate the prohibition.

(c) That had the legatee outlived the benefitted man, the former could not have annulled the sale to the defendant, on the ground

that she had no title at the time the conveyance was made, because it is a well-known doctrine that no one may go against his own acts; and that the plaintiff in this case, as heir of her daughter, the devisee and vendor, is also estopped from claiming what her predecessor in interest could not claim.

Based on the preceding conclusions, the court rendered judgment dismissing the complaint, without special condemnation of costs. The plaintiff appealed and assigned as an error committed by the trial court its holding that the plaintiff and its predecessor in interest were estopped from impeaching the validity of the sale made by the devisees in favor of the defendant.

 The application of the doctrine of estoppel made by the lower court is supported by the decisions of this Supreme Court, where it has been held that a person who consciously takes part and helps in perfecting a title is estopped from denying the validity of that title, *Vázquez* v. *Santalís,* 26 P.R.R. 614; that the doctrine that no person may go against his own acts is known by the Civil Code as well as by any equity court, *Rabell* v. *Rodríguez,* 24 P.R.R. 526; and that when a co-owner conveys all his rights in a certain piece of property in favor of a third party, he can not go against his own acts impeaching the title for want of capacity to convey it, *Plantations Co.* v. *Smith,* 23 P.R.R. 365. See: 21 C.J. 1067, section 26; 21 C.J. 1182, section 185.

The plaintiff and appellant argues that the doctrine of estoppel is not applicable to the case at bar because at the moment of the purchase of the property "said defendant knew and it is admitted in the deed of sale No. 53 of May 29, 1930, that said María Bartola Acevedo and her co-devisee, who sold said property, could not do it by virtue of the prohibition" appearing in the will. In behalf of her contention she cites cases that hold that estoppel can not exist where both parties have equal knowledge of the facts and one of them has done nothing to deceive the other one.

■ We lack sufficient means to determine whether appellant's contention is well founded or if it is groundless. The appellant has not put us in a position to examine the facts before the trial court when the judgment appealed from was rendered. The transcript of the evidence is not before this Court, nor do we have before us even the will or the deed the annulment of which is prayed for, and without those documents it is impossible to consider the case on its merits.

The judgment appealed from must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.